Contracts; Court of Claims jurisdiction; Posted Reorganization Act of 1970; 'performance and payment bond surety. — On September 20, 1974 the court issued the following order:
*833 Before CoweN, Ohief Judge, Kashiwa and BeNütett, Judges.
“This case comes before the court on defendant’s motion to dismiss the petition or, in the alternative, to transfer it to a United States district court pursuant to 28 U.S.C. § 1506. Defendant contests the claim of plaintiff, a Miller Act surety, to retainages held by defendant, arising from certain contracts between defendant, acting through the United States Post Office Department, and a third-party contractor. Upon the contractor’s default, plaintiff, pursuant to its performance and payment bonds, completed the contracts and paid all suppliers and materialmen, and now claims the retainages by right of subrogation. Defendant’s challenge is predicated upon the Postal Reorganization Act, 39 U.S.C. § 101 et seg. (1970), and says that this court has no jurisdiction.
“Upon consideration of the motion, plaintiff’s objections thereto, and defendant’s reply, and upon the authority of Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 (1962), Butz Eng. Corp. v. United States, 204 Ct. Cl. 561, 499 F. 2d 619 (1974), and Terry v. United States, 204 Ct. Cl. 543, 499 F. 2d 695 (1974), United States Fid. & Guar. Co. v. United States, 201 Ct. Cl. 1, 10, 475 F. 2d 1377, 1382 (1973), and Home Indem. Co. v. United States, 193 Ct. Cl. 266, 433 F. 2d 764 (1970), it is concluded that the motion is without merit.
“it is thereeore ordered that defendant’s motion to dismiss or, in the alternative, to transfer, be and it is hereby denied.”